UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER 13
:
: BANKRUPTCY No. 18-17925 MDC
BARBARA DECOYISE WRIGHT :
:
Debtor :

_____

## RESPONSE IN OPPOSITION TO MOTION FOR SANCTIONS & CONTEMPT PURSUANT TO 11 U.S.C. 362(k)

Delaware County Regional Water Quality Control Authority ("DELCORA") by and through

its undersigned counsel, McNichol, Byrne & Matlawski, P.C. hereby responds in opposition to

Debtor's Motion for Sanctions and Contempt pursuant to 11 U.S.C. 362(k) and avers as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted. By way of further response, the 30 Day Notice dated November 21, 2019, was

    automatically generated by DELCORA's computer system and was inadvertently sent to

    Debtor. Debtor's account has been marked inactive, however due to a glitch in the

    computer system, a notice was generated. Additionally, there is a new employee overseeing

    the notices and said employee was not overseeing the same when the initial glitch was

brought to Respondent's attention in September of 2019. There has been no additional action taken on the November 21, 2019 notice and the notice will be formally rescinded.

11. Admitted upon information and belief.

12. Denied. Shut off notices are automatically generated by DELCORA's computer system. The notice in question was inadvertently sent out to Debtor. Debtor's account has been marked inactive, however due to a glitch in the computer system, a notice was generated. Additionally, there is a new employee overseeing the notices and said employee was not overseeing the same when the initial glitch was brought to Respondent's attention in September of 2019. By way of further response, the Chester Water Authority has not been requested to shut off the water to Debtor's property and no additional action has been taken with regard to the inadvertent notice and the notice will be formally rescinded. Moreover, an individual seeking damages for violation of automatic stay has burden of establishing three elements: (1) that action taken was in violation of automatic stay; (2) that action was willful; and (3) that violation caused actual damages. 11 U.S.C.A. § 362(h). Actual damages for a violation of the automatic stay "should be awarded only if there is concrete evidence supporting the award of a definite amount that can be ascertained with reasonable certainty." *In re Frankel*, 391 B.R. 266, 272 (Bankr.M.D.Pa.2008). A damages award under § 362(k) "cannot be based on mere speculation, guess, or conjecture." Id. Instantly, Debtor has not established that DELCORA's actions were willful, nor has Debtor established actual damages.

13. Denied as Stated. Respondent incorporates it response to Paragraph 12 as though fully set forth herein.

14. Denied. Actual damages for a violation of the automatic stay "should be awarded only if there is concrete evidence supporting the award of a definite amount that can be ascertained

with reasonable certainty." <u>In re Frankel</u>, 391 B.R. 266, 272 (Bankr.M.D.Pa.2008). A damages award under § 362(k) "cannot be based on mere speculation, guess, or conjecture." Id. By way of further response, Respondent incorporates its response to Paragraph 12 hereinabove as though fully set forth herein.

15. Denied. Strict Proof is Demanded. By way of further response, Respondent incorporates its response to Paragraph 12 hereinabove as though fully set forth herein.

16. Denied. Debtor has not established actual damages. While violations of automatic stay can give rise to recovery of attorney fees, when debtor is required to resort to court action to vindicate rights (11 U.S.C.A. § 362(h)), an issue arises as to whether a debtor incurs "actual damages" in the form of counsel fees when she is not and will never be liable for such fees. While bankruptcy courts are not in complete agreement on this issue, the better-reasoned decisions deny counsel fees under § 362(k) if the debtor is represented on a *pro bono* basis and will never be personally liable for the fees. *In re Dean,* 490 B.R. 662, 670 (Bankr. M.D. Pa. 2013). By way of further response, to be liable in punitive damages for willfully violating automatic stay, defendant must have acted with actual knowledge that he was violating debtor's federally protected right or with reckless disregard of whether he was doing so. <u>11 U.S.C.A. § 362(h)</u>. Debtor has not established the willful violation and/or actual knowledge giving rise to an award of punitive damages.

17. Admitted in Part. Denied in part. It is admitted upon information and belief that Debtor's counsel is employed by Legal Aid of Southeastern Pennsylvania with the qualifications and experience indicated. The remaining allegations pertaining to actual damages are denied and DELCORA's response to paragraphs 12 and 16 are incorporated as though fully set forth herein.

WHEREFORE, DELCORA respectfully requests this Honorable Court to deny Debtor's

Motion for Sanctions and Contempt.

Respectfully submitted,

McNichol, Byrne & Matlawski, P.C.

/s/J. Adam Matlawski

By: _____

J. Adam Matlawski, Esquire
1223 N. Providence Road
Media, PA 19063
(610) 565-4322

Date: December 30, 2019

# SERVICE LIST

William C. Miller, Esquire
1234 Market Street
Suite 18-341
Philadelphia, PA 19107

DELCORA
100 East 5th Street
Chester, PA 19013

Tracey Harris, Customer Billing
  Specialist
DELCORA
100 East 5th Street
Chester, PA 19013

J. Adam Matlawski, Esquire
McNichol, Byrne, & Matlawski
1223 North Providence Road
Media, PA 19063

Robert J. Willert, Executive Director
DELCORA
100 East 5th Street
Chester, PA 19013

John Pileggi, Controller
DELCORA
100 East 5th Street
Chester, PA 19013

United States Trustee
Office of the US Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107